## SETH F. TOBEY *vs.* LLOYD CHIPMAN.

One who has bought for his own use and by an absolute purchase a promissory note, under such assurances of its validity from the maker as to estop him from denying it afterwards, may recover from him the full amount of the note, although it was bought at a discount and was invalid in the hands of the payee.

An innocent omission to stamp a promissory note made after the passage of the U. S. St. of 1864, c. 173, though ante-dated to November 1862, will not render it inadmissible in evidence, if it is subsequently stamped in the presence of the court.

So an innocent omission to stamp an order for the payment of money, drawn after the passage of the U. S. St. of 1865, c. 78, will not render it invalid or inadmissible in evidence. *Note.*

CONTRACT brought by the indorsee against the maker of a promissory note for $200, dated November 21st 1862 and payable to Charles L. Lincoln, or order, on demand with interest. The answer alleged that the note was without consideration, and was in fact made and signed in July or August 1864, and was not stamped.

At the trial in the superior court, before *Rockwell,* J., it appeared by the testimony of the defendant that the note was made and signed in August 1864, and no revenue stamp had been affixed to it when the trial commenced, but the judge allowed the plaintiff to affix and cancel a stamp of the proper amount, and thereupon ruled that the note was not void by reason of the previous omission to stamp it.

The defendant offered evidence tending to show that the note was invalid in the hands of the payee, for want of consideration, and by reason of a set-off. The plaintiff offered evidence tending to show that before purchasing the note the defendant solicited him to buy it and assured him that it was a good and valid note in every respect, and given for value received, and that, relying on these assurances, he bought it and paid the sum of $100 for it. The defendant asked the court to rule that under these circumstances the plaintiff could recover only $100 and interest; but the judge declined so to rule, and instructed the jury that, if the plaintiff was entitled to recover at all, the measure of damages would be the amount of the note and interest; although there would be a good defence as between the payee and the maker, for want or failure of consideration.

The jury returned a verdict for the plaintiff for the full amount of the note and interest, and the defendant alleged exceptions.

*E. Ames & S. Miller, Jr.,* for the defendant. If the note was invalid in the hands of the payee, the plaintiff cannot be considered as a *bona fide* purchaser of it except to the amount that he paid for it. *Hubbard* v. *Chapin,* 2 Allen, 328. *Tucker* v. *Jenckes,* 5 Allen, 330. *Roche* v. *Ladd,* 1 Allen, 436. *Brooks* v. *Twitchell,* 6 Met. 513. *Lewis* v. *Brooks,* 9 Met. 367. By the assurances of the defendant, the note became a note good to raise money on; and the estoppel operates only to the extent that the plaintiff advanced money. The note was void for want of a stamp. U. S. Sts. of 1864, *c.* 173, § 158 ; 1865, *c.* 78, §§ 1, 16.

*L. T. Willcox,* for the plaintiff.

WELLS, J. This case is to be considered upon the assumption that the defendant had a complete defence to the note, as against the payee. The note being payable on demand, by

Gen. Sts. *c.* 53, § 10, " any matter shall be deemed a legal de-fence which would be a defence to a suit thereupon if brought by the promisee."

The only question then is, how far the defendant is deprived of his defence by having made representations to the plaintiff that the note " was a good and valid note in every respect, and given for value received," whereby the plaintiff was induced to purchase the note at his request. It is conceded that the plain-tiff is entitled to recover to the extent of the $100 which he paid for the note; but the claim is that the defence shall be allowed as to the excess above that sum. The authorities cited in support of this position establish this principle, that where the plaintiff is the holder for value and *bona fide,* for a portion only of the amount of the note, and the excess, if recovered by him, would be for the benefit of the payee or other party against whom the defence ought to avail, then the defendant is entitled to the benefit of his defence against the plaintiff as to such ex-cess. To that extent the plaintiff represents the original parties, and the defence is properly allowed to prevent a recovery for their benefit when they would not be entitled to recover for themselves. But in the present case the plaintiff is the sole and absolute owner of the note. The payee has no legal nor equita-ble interest in it. The defendant seeks to avail himself of the discount which the plaintiff obtained in the purchase of the note. This he could not do if the note had been really due from him for its full amount, as he represented it to be. *Babson* v. *Webber,* 9 Pick. 163. His declarations, acted upon by the plaintiff, and made by the defendant for that purpose, are con-clusive against him. 1 Greenl. Ev. §§ 207–8. He is therefore estopped from availing himself of the benefit of the statute for his defence; and, as the entire note belongs to the plaintiff, there is no rule of apportionment by which his recovery can be limited to a part only of its amount. The transactions do not seem to us to give the note the character of an accommodation note, as the defendant contends. It was not given nor intended as such. The payee did not borrow money upon it, but sold all his inter-est in it. The defendant's request to the plaintiff to purchase

it was not by way of negotiating a loan, but was a request that the plaintiff would become his creditor instead of the payee, for a debt which he represented as already existing, and valid for the full amount of the note.

It is also relied upon as a defence, that the note was not stamped, as required by the revenue laws of the United States. As the case stands, the note bore date November 21, 1862, but was in fact given in August 1864. No stamp had ever been affixed until it was done in the presence and by leave of the court at the trial. The U. S. St. of 1864, *c.* 173, § 158, which went into operation August 1st 1864, renders void such an instrument, made or issued without being duly stamped, only when it is done " with intent to evade the provisions of this act." Section 163 provides that " no instrument heretofore issued " without a proper stamp shall be used or admitted in evidence until a stamp shall be affixed and cancelled as required by law, and the party desiring to use such instrument is authorized, in presence of the court, to affix and cancel such stamp. By another clause in the same section it is provided that no instrument made or issued prior to the passage of the act, without being stamped, " shall for that cause, if the stamp shall be subsequently affixed, be deemed invalid and of no effect."

It will be seen, therefore, that if the plaintiff is entitled to treat the note as made at the time it bears date, the *St.* of 1862 being repealed, the note was properly admitted as made valid under § 163 of the *St.* of 1864.

If the note is to be regarded as made in August 1864, as the defendant testified, then there is no evidence in the case which tends to show the note to be void under the *St.* of 1864, *c.* 173, § 158, as made " with intent to evade the provisions " of that act.

Neither will it avail the defendant that the U. S. St. of 1865, *c.* 78, has provided a different mode of affixing the stamp subsequently to the issue of the note. It has done so only by an amendment of § 158 of the act of 1864. It does not repeal § 163, nor change it, unless by implication. There is no clause in either act expressly forbidding such instrument to be used or

admitted in evidence without a stamp, excepting the provisions of § 163 of the act of 1864, recited above; and neither the statute of 1864 nor that of 1865 made the instrument void, except when the omission was " with intent to evade the provisions " of the act.

This was evidently an oversight in those statutes, which has been remedied since in the *St.* of 1866, c. 184.

Upon both grounds therefore the exceptions must be overruled.*

* The following case was argued in Hampshire County, at September term 1866:

WILLIAM A. GOVERN vs. LORENZO D. LITTLEFIELD.

CONTRACT brought to recover forty-two dollars for work done by the plaintiff for the defendant. The answer simply set up in defence that the defendant delivered to the plaintiff an order for that sum on Edward Sullivan, which the plaintiff received in full satisfaction of the claim in his writ.

At the trial in the superior court, before *Brigham,* J., the evidence tended to show that an order dated July 28th 1865 was delivered as set forth in the answer, which Sullivan, the drawee, accepted, and the plaintiff gave to the defendant a stamped receipt in full. The order was not stamped, and was not paid by Sullivan, and the plaintiff returned it to the defendant, requesting the latter to stamp it so as to make it legal, and some dispute arose as to the proper form of doing it, and the defendant refused to stamp it except by taking the order as it was and putting on a stamp and dating the cancellation of it back to the date of the order, to which the plaintiff objected. At the trial, the plaintiff tendered the order in court for delivery to the defendant.

The judge instructed the jury that if the order was intended to be given and received as payment and satisfaction of the plaintiff's original claim, the plaintiff could not recover, and the want of a revenue stamp was immaterial. The jury found for the defendant, with a special finding that the order was received as and for payment by the plaintiff. The plaintiff alleged exceptions.

*C. Delano,* for the plaintiff.

*D. W. Bond,* for the defendant.

OSTER, J. The ruling of the court that the want of a revenue stamp was immaterial was made upon all the evidence in this case, which contained nothing to show that its omission from the order declared upon was with intent to evade the provisions of the revenue act. The order bears date July 28th 1865, and the provision as to a stamp is governed by the U. S. St. 1865, c. 78, which renders instruments required to be stamped void only when the omission to affix a stamp is with design tc evade the provisions thereof.

Nor was the order inadmissible in evidence. The only statute then in force on that subject was the U. S. St. of 1864, *c.* 173, § 163, which by its terms applied only to instruments executed previously to its passage. For a critical examination of these statutes and an exposition of their construction, see *Tobey* v. *Chipman*, argued after but decided before this case.

The jury have found that the order was given and received in payment of the plaintiff's claim. It was duly accepted, and thus extinguished the original cause of action, upon which the plaintiff cannot now recover.

*Exceptions overruled.*

A similar point was decided in the following case, which was argued in Suffolk County in November 1866 :

## NATHANIEL WILLEY *vs.* L. A. H. ROBINSON.

CONTRACT upon a promissory note dated in May 1864, and payable to the plaintiff or order, signed by the defendant. By the copy annexed to the declaration, the note appeared to have been duly stamped ; and the answer did not allege that it was not duly stamped.

At the trial in the superior court, before *Allen*, C. J., it appeared that the note was executed and delivered in August 1864, and that at the time of its execution there was no stamp thereon, but that the stamp was put on by the plaintiff some four or five days afterwards. The defendant thereupon objected to the admission of the note in evidence, but the chief justice overruled the objection. The defendant then objected that the action could not be maintained, for want of a stamp properly affixed upon the note ; but the chief justice ruled that this defence was not open under the answer.

No other defence was suggested, and the jury, under the direction of the chief justice, returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. P. Timony*, for the defendant.

*A. F. L. Norris*, for the plaintiff.

WELLS, J. The question of the validity of the note, in this suit, must be governed by the decisions recently made in *Tobey* v. *Chipman*, and *Govern* v. *Littlefield*. There being no evidence of " intent to evade the provisions " of the revenue act of the United States, the note was not void, and there was no provision of law to forbid its use 'in court and a recovery upon it.

We have no doubt that the question of its invalidity for want of a stamp must be determined by the time when the note was made and issued, and not by its apparent date. It is like the case of a note made on Monday but dated on Sunday. The note was actually made in August, after the statute of 1864 took effect. The provisions of § 163 of that act do not apply to it therefore.

*Exceptions overruled.*